## JOHN HOEFT v. ARTHUR A. RADDATZ.[1]

March 18, 1927.

No. 25,778.

**Representation as to land not actionable, when.**

1. A representation that a 60-acre farm was a "nice farm worth at least $200 an acre," made to a prospective vendee who was a farmer by occupation, had lived for 11 years in the vicinity of the farm and passed it frequently, is not actionable, although the representation was not true, the person making it not occupying a fiduciary or confidential relation to the vendee.

[1]Reported in 212 N. W. 939.

**Evidence would support verdict for special damages.**
2. There was evidence which would support a verdict for special damages sustained by the vendee by reason of his having been kept out of possession of the farm.

Fraud, 26 C. J. p. 1215 n. 84; p. 1217 n. 90, 91; p. 1219 n. 11; p. 1220 n. 19; p. 1223 n. 58.
Vendor and Purchaser, 39 Cyc. p. 2105 n. 7 New.

See note in 30 L. R. A. 605; 12 R. C. L. 384; 2 R. C. L. Supp. 1422; 5 R. C. L. Supp. 642; 6 R. C. L. Supp. 706.

Defendant appealed from an order of the district court for Goodhue county, Johnson, J., denying his alternative motion for judgment or a new trial. Reversed and remanded for new trial as to second cause of action.

*D. C. Sheldon* and *A. J. Rockne,* for appellant.
*Norton & Norton,* for respondent.

LEES, C.

This is an appeal from an order denying an alternative motion for judgment or a new trial after a verdict in respondent's favor for $2,398.

The complaint pleaded two causes of action, the first for damages sustained by reason of alleged false and fraudulent representations made by appellant, which induced the respondent to convey to him 20 acres of land in the village of Pine Island and to accept therefor $1,600 in money and a conveyance of 60 acres of land near the village of Oronoco. The 20-acre tract was subject to a mortgage of $1,700 and to some unpaid special assessments, and the 60-acre tract to a first mortgage of $6,000 and a second mortgage which had been foreclosed. D. C. Sheldon had purchased the land at the foreclosure sale and the time of redemption was to expire on February 27, 1923. The respondent conveyed his land to appellant and D. C. Sheldon, and Sheldon assigned the sheriff's certificate of sale to respondent in September, 1922. A warranty deed of the land was executed and delivered by Sheldon and wife to respondent on March 24, 1923.

The representation upon which the first cause of action is based was this: Speaking of the 60-acre tract, appellant said that it was "a nice 60-acre farm worth at least $200 an acre." The farm did contain 60 acres. Whether it was a "nice" farm or not would be purely a matter of opinion, and that portion of the alleged statement is clearly not actionable.

The statement that the farm was worth at least $200 an acre is not actionable for reasons set forth in Follingstad v. Syverson, 166 Minn. 457, 208 N. W. 200. In that case, after referring to the firmly established rule that representations as to value cannot be made the basis of a charge of fraud when vendor and vendee deal at arm's-length, the court proceeded to enumerate the exceptions to the rule substantially as follows: (1) Representations as to value or quality fraudulently made where the vendee is in no position to ascertain the value or quality of the property, as where it is distantly located; (2) representations as to prices for which like property is sold; (3) representations made by one who stands in a fiduciary or confidential relation to the vendee. See also Adan v. Steinbrecher, 116 Minn. 174, 133 N. W. 477. The evidence does not bring the present case within any of these exceptions.

Respondent, who was 50 years of age at the time of the transactions in question, had been a farmer all his life. For 11 years he had lived on a farm within three miles of the 60-acre tract. The 60 acres adjoined a public highway over which respondent frequently traveled. He never went over the land before he purchased it, although he had tried to buy it in 1919 from one Rucker who was then the owner. The land appeared to be fairly good when viewed from the road. The negotiation which preceded the purchase covered a period of two or three days. A year before, appellant had offered to sell the farm to respondent. There was evidence tending to show that when respondent went to see Sheldon he was told that he would have to trade on the same day or not at all; and to show that the value of the Pine Island land and improvements was $7,000; and that the value of the 60-acre farm was not over $75 or $100 an acre. In the afternoon of the day when respondent conveyed the Pine Island land, he and his wife drove over to the 60-acre farm

and discovered that the buildings were in a bad state of repair. Later, when he began to plow, he discovered that the land was stony and that about 20 acres of it could not be plowed for that reason. When he received his deed in March, 1923, he moved onto the farm and occupied it until a short time before the trial of this action. It appears that the first mortgage was foreclosed and that respondent did not redeem and so lost the land.

As already remarked, we think this case is controlled by Follingstad v. Syverson, supra. Respondent was in a position where he could readily ascertain the value and quality of the 60-acre farm. He lived nearby. He had seen the land from the road. He contemplated buying it as early as 1919. He had been a farmer for many years. It cannot be said that he was in no position to ascertain the value or quality of the land.

There were no personal or confidential relations between him and the appellant. They dealt at arm's-length.

We hold that respondent cannot recover upon his first cause of action.

By his second cause of action, respondent sought to recover special damages sustained by reason of these facts: When he obtained the assignment of the sheriff's certificate of sale he was assured that he might take immediate possession of the farm. Thereupon he moved all of his personal property except his household goods from his home in Pine Island to the farm, but was compelled to bring the property back because a man in possession, who claimed the right to remain in possession until the expiration of the redemption period, refused to allow respondent to occupy the dwelling house.

The evidence introduced in support of this cause of action would justify a recovery of special damages. It is impossible to determine whether the jury allowed such damages or whether any portion of the verdict represents special damages. For this reason, there must be a new trial of the second cause of action.

The order appealed from is reversed and the cause remanded for a new trial of the second cause of action only.